UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY KENNEY,

          Plaintiff,

v.

SHAREHOLDER MR. JASON BATES,
WELLS FARGO BANK, SWIFT TRANS, INC.,
and CROSS, GUNTER & WITHERSPOON,
GOLENUS LAWYERS,

          Defendants.

Civil No. 12-1279 (SRN/JJG)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   BACKGROUND**

      Plaintiff is attempting to sue the above-named Defendants under "Title IV of 1964." (Complaint, [Docket No. 1], p. 3, ¶ 4.)[1] The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

---

[1] The Court notes that most of the Defendants listed in the caption of Plaintiff's complaint are not identified as Defendants in the "Parties" section of the complaint. (See Complaint, p. 2, ¶ 2.a.; p. 3, ¶ 5.) The Court also notes that Plaintiff apparently is attempting bring this action under Title IV of the Civil Rights Act of 1964, which generally pertains to educational opportunities in public schools. However, nothing in any of Plaintiff's submissions suggests that he is seeking relief for any school related matter.

> "Failer [sic] to file and Experdite [sic] and avoices [sic]! from also National Arbritation [sic] Forum Mr. Peterson K Brock Case Coordinator since 2004 File FA0604000686316 and arbritation [sic] scam violances [sic] to arbritions [sic] AAA associations Mrs. Melia harmon Ste 1200 111 Center St. Little Rock AR 72201 501-3721133 and plaintiff Anthony C Kenney Case GTE155 US District Court Eastern Little Rock Arkansas."

(Complaint, p. 4, ¶ 7.)[2]

Based on these few unintelligible allegations, Plaintiff is seeking legal redress described as follows:

> "To file documentationaly [sic] hearing to National Arbritration [sic] Forum PO Box 50191 Minneapolis MN 55405-0191 800 4742371 File FA0604000686316 Brock K Peterson Case Coordinator!! Bill of Cost to defendants or poverty form Pre mayment [sic] fee."

(Complaint, p. 4, "Request for Relief.")

## II.   DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions

---

[2]  Plaintiff filed several extraneous papers with his complaint, but nothing in those papers sheds any meaningful light on the factual basis for his current lawsuit.

2

can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because it does not allege a set of specific historical facts that would, if proven true, entitle Plaintiff to any judgment against any of the named Defendants under any conceivable legal theory.  The complaint does not describe anything that any Defendant did (or failed to do) that could be viewed as a violation of Plaintiff's rights under any cognizable legal theory.  Indeed, none of the named Defendants is even mentioned in any of the substantive allegations of Plaintiff's complaint.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  Plaintiff has presented only vague and conclusory allegations; he has not presented an intelligible description of specific historical events showing acts or omissions by the named Defendants that could entitle him to legal redress under any statute or common law doctrine.  Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.[3]

---

[3] It appears that Plaintiff has already brought at least two prior lawsuits against the principal Defendant in this case – Swift Trans, Inc.  See Kenny v. Swift Trans, Inc., 410 Fed.Appx. 143 (10th Cir. 2011) (unpublished opinion); Kenney v. Swift Transportation, Inc., 347 F.3d 1041 (8th Cir. 2003), and Kenney v. Swift Transportation,

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: June 5, 2012            s/ *Jeanne J. Graham*
                               JEANNE J. GRAHAM
                               United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 20, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

Inc., 159 Fed.Appx. 747 (8th Cir. 2005) (unpublished opinion). In light of Plaintiff's litigation history, it seems highly unlikely that his current lawsuit could succeed, even if his current complaint presented a more cogent explanation of his intended claims.